Argued November 22, affirmed December 9, 1974, reconsideration denied January 15, petition for review denied January 21, 1975

LEAMING, *Appellant, v.* STATE ACCIDENT INSURANCE FUND (No. 74-0678), *Respondent.*

528 P2d 1352

*Cecil Stickney,* Eugene, argued the cause and filed the brief for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

PER CURIAM.

The issue in this workman's compensation case is whether the death of the workman was materially

contributed to by an injury he received in the course of his employment. We agree with the hearing officer, the Workmen's Compensation Board and the circuit court that it was not.

We adopt the Workmen's Compensation Board's Order on Review. It reads:

"The issue involved in this matter is whether or not the death of the claimant is compensable.

"On November 30, 1971, claimant suffered an injury to his right leg. He had considerable swelling and it remained sore for several months. Claimant lost no time from work and did not see a doctor. On April 11, 1972, claimant was hospitalized for chest pains and was treated for thrombophlebitis of the right leg and pulmonary embolism. A tumor was suspected but was not diagnosed. Exploratory abdominal surgery was performed June 2, 1972, for possible intra abdominal malignancy. No malignancy was found. A lung cancer was diagnosed July 20, 1972 and claimant died October 25, 1972.

"Review of the medical evidence persuades the Board that the thrombophlebitis was caused by the lung cancer and not the leg injury. Traumatic thrombophlebitis usually occurs within ten days to two weeks after the injury.

"The medical evidence also persuades the Board that the leg injury in November, 1971 may have confused the diagnosis but did not mask the cancer symptoms significantly. The attending doctor testified that the history of the right leg injury did not change the method of treating the claimant.

"The Board finds that the industrial accident of November, 1971, did not cause the thrombophlebitis, did not mask the cancer symptoms and did not accelerate, light up or aggravate the lung cancer. The Board further finds that the treatment including the exploratory surgery is not causally connected to the industrial accident."

Affirmed.